**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Carlos Merced,<br>individually and on behalf of all others similarly situated;<br>Plaintiff,<br><br>-v.-<br><br>Resurgent Capital Services L.P.;<br><br>Defendant. | C. A. No.: 1:22-cv-8327<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carlos Merced ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant Resurgent Capital Services L.P. ("Defendant" or "Resurgent"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of the Bronx.

8. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

9. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone and facsimile, and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom the Defendant Resurgent sent a collection letter;

    c. attempting to collect a consumer debt;

    d. wherein the letter sets forth as follows:

        1. "… if you make a payment on a debt, admit to owing a debt, or promise to pay a debt, the time period in which the debt is enforceable in court may start again;"

        2. "However, your creditor or debt collector believes that restarting the time period on the above referenced … debt is prohibited by law, and whether or not you acknowledge, promise to pay, or make a payment on this debt, your creditor or debt collector will NOT sue you to collect this debt;" and

        3. "If you waive the statute of limitations on a debt, the time period in which the debt is enforceable in court may start again."

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions

or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above paragraphs as if set forth here.

20. Some time prior to April 29, 2022, an obligation was allegedly incurred to non-party Credit One Bank, N.A. ("Credit One").

21. The subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes.

22. Thus, the alleged Credit One obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

23. According to the Letter (defined below), the current non-party creditor, LVNV Funding LLC ("LVNV"), purchased the obligation.

24. Thus, LVNV is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. LVNV contracted with Resurgent to collect on the alleged debt.

26. Defendant Resurgent collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – April 29, 2022 Collection Letter*

27. On or about April 29, 2022, Defendant Resurgent sent the Plaintiff a collection letter ("Letter").  A copy of this Letter is attached as Exhibit A.

28. The collection Letter contains contradictory messages concerning restarting the statute of limitations.

29. Specifically, the Letter states as follows:

   1. "… if you make a payment on a debt, admit to owing a debt, or promise to pay a debt, the time period in which the debt is enforceable in court may start again;"

   2. "However, your creditor or debt collector believes that restarting the time period on the above referenced … debt is prohibited by law, and whether or not you acknowledge, promise to pay, or make a payment on this debt, your creditor or debt collector will NOT sue you to collect this debt;" and

   3. "If you waive the statute of limitations on a debt, the time period in which the debt is enforceable in court may start again."

30. Moreover, in addition to being inherently confusing, the collection Letter fails to explain whether the debt is subject to sale to a new creditor and/or assignment to a new debt collector that can sue if the Plaintiff acknowledges, promises to pay or makes a payment on the debt.

31. Thus, the potential to restart the statute of limitations is not adequately explained and results in at least five (5) different reasonable interpretations, at least one of which is inaccurate.

32. First, if payment, admission or promise to pay is made, the legal time period to enforce the debt in court may be restarted.

33. Second, restarting the time period to enforce the debt in court is illegal.

34. Third, even if restarting the time period to enforce the debt is legal, Defendant and LVNV promise not to sue.

35. Fourth, Defendant and LVNV promise not to sue, but no promises concerning resale or reassignment of the debt.

36. Fifth, if anyone other than Defendant and LVNV acquire rights to the debt after waiver of the statute of limitations, the time period in which the debt is enforceable in court may start again and you may be sued.

37. By providing conflicting information concerning the potential to restart the statute of limitations, and at least five (5) possible interpretations of the information, the Letter is false, deceptive and misleading.

38. Plaintiff was misled as to whether he could be sued over the debt or not.

39. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

40. Defendant misled the Plaintiff concerning whether he could be sued on the debt following payment, acknowledgment or promise to pay.

41. Defendant's actions were false, deceptive, unfair, and/or misleading.

42. Plaintiff was concerned and left uncertain by the Letter.

43. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

44. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect.

45. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

46. Because of this, Plaintiff expended time and money in determining the proper course of action.

47. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

48. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to collect an expired debt.

49. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, was detrimental to the Plaintiff because of the Defendant's continued negative credit furnishment, and ultimate dissemination to third parties, which caused the Plaintiff reputational harm.

50. In addition, Plaintiff's reliance on the Letter caused the Plaintiff emotional harm in the form of stress and anxiety, with physical harm manifesting in the form of lost sleep.

51. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

52. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

54. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

55. Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

56. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

57. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

58. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

60. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

61. Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

62. As a result of the Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendant violated said section by:

   a. Making a false and misleading representation, as described above, in violation of §§ 1692e and 1692e (10); and

    b.  Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

67. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

70. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

71. Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

72. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Carlos Merced, individually and on behalf of all others similarly situated, demands judgment from the Defendant Resurgent as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

ii. Awarding the Plaintiff and the Class statutory damages;

iii. Awarding the Plaintiff and the Class actual damages;

iv. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 29, 2022                         Respectfully submitted,

**Stein Saks, PLLC**

/s/ Robert Yusko
By: Robert Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@steinsakslegal.com

*Attorneys for Plaintiff*