USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/12/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MERCED, <br><br> Plaintiff, <br><br> -against- <br><br> RESURGENT CAPITAL SERVICES, L.P., <br><br> Defendant. | 22-CV-08327 (ALC) <br><br> <u>OPINION & ORDER</u> |

**ANDREW L. CARTER, United States District Judge:**

Plaintiff Carlos Merced ("Plaintiff" or "Merced") brings this case on behalf of a putative class against Defendant Resurgent Capital Services L.P. ("Defendant" or "Resurgent") for violation of the Fair Credit Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e *et seq*. *See* ECF No. 11 ("First Amended Complaint" OR "FAC"). Defendant moved to dismiss Plaintiff's claim for lack of standing and for failure to state a claim. *See* ECF No. 16 ("Defs Mem.").[1] For the reasons stated herein, Defendant's motion is **GRANTED** as to standing.

## BACKGROUND

### I. Procedural Background

Plaintiff filed the initial Complaint in this action on September 29, 2022. ECF No. 1. On December 8, 2022, Plaintiff indicated to the Court that he wished to amend his initial Complaint. ECF No. 9. The Court granted Plaintiff leave to do so on January 12, 2023 and Plaintiff filed the First Amended Complaint ("FAC") on January 26, 2023. ECF Nos. 10-11. Defendant moved to dismiss (the "Motion") on March 1, 2023. ECF Nos. 14-16. Plaintiff filed his opposition on

---

[1] Because this Court finds that Plaintiff does not have standing, thereby removing subject-matter jurisdiction to hear the substantive case, the Court does not consider Defendant's substantive arguments as to whether dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).

April 3, 2023 ("Opp."). ECF No. 17. Defendant filed a Reply memorandum on April 17, 2023. ECF No. 18.

## II.      Factual Background

On April 29, 2022, Merced received a collection letter from Defendant in which Resurgent was attempting to collect a debt of $988.93 originally owed to Credit One Bank, N.A. *See* FAC ⁋ 27; FAC Ex. 1. Resurgent's letter stated the following:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it. If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.
>
> We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. If a creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. We are also required to tell you that, for certain kinds of debts, if you make a payment on the debt, admit to owing a debt, or promise to pay a debt, the time period in which the debt is enforceable in court may start again. However, your creditor or debt collector believes that restarting the time period on the above referenced this [*sic*] debt is prohibited by law, and whether or not you acknowledge, promise to pay, or make a payment on this debt, your creditor or debt collector will NOT sue you to collect this debt. If you waive the statute of limitations on a debt, the time period in which the debt is enforceable in court may start again."

FAC Ex. 1. Upon receiving this letter, the First Amended Complaint states that the Plaintiff "was concerned and left uncertain," "unable to evaluate his options of how to handle this debt," and "expended time and money in determining the proper course of action." FAC ¶¶ 47-49. Plaintiff then "expended time and money in determining the proper course of action." *Id.* at ¶ 51. Plaintiff goes on to state that his "reliance on the Letter, and the resulting inaction/non-payment, was detrimental . . . because of the Defendant's continued negative credit furnishment, and

ultimate dissemination to third parties, which caused the Plaintiff reputational harm" as well as "emotional harm in the form of stress and anxiety, with physical harm manifesting in the form of lost sleep." FAC ¶¶ 53-55.

## LEGAL STANDARD

### I. Standing

To have standing, a plaintiff must establish that they "suffered an injury in fact that is concrete, particularized, and actual or imminent [which] was likely caused by the defendant [and] would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)). "[W]hether a harm qualifies as concrete hinges on whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Maddox v. Bank. Of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *Transunion*, 141 S. Ct. at 2204). In the wake of the *TransUnion* case, many courts within and without this circuit have dismissed FDCPA cases for failure to adequately allege actual injury. *See, e.g.*, *id.* at 66 (2d Cir. 2021) (denying standing, in part, where a plaintiff failed to state "why [the defendant's actions] would cause great stress, mental anguish, anxiety, and distress"); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (finding bare allegations of stress and confusion without accompanying physical manifestation as insufficient to establish injury); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (doing the same where plaintiff claimed experiencing "stress," "anxiety," and "uncertainty"); *Garland v. Orlans, PC*, 999 F.3d 432, 440 (6th Cir. 2021) (doing the same); *Adler v. Penn Credit Corp.*, No. 19-CV-7084 (KMK), 2022 U.S. Dist. LEXIS 43518, at *19 (S.D.N.Y. Mar. 11, 2022) (finding plaintiff's "threadbare assertions" of sustained headaches insufficient to establish standing);

*Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 144 (E.D.N.Y. 2021) (same); *see also Grauman v. Equifax Info. Servs.*, 549 F. Supp. 3d 285, 291 (E.D.N.Y. 2021) (dismissing claims of reputational harm where the plaintiff failed to allege that their credit report was ever disseminated to a third party); *accord Benjamin v. Rosenberg & Assocs.*, LLC, Civil Action No. 19-3012 (RDM), 2021 U.S. Dist. LEXIS 161302, at *16 (D.D.C. Aug. 26, 2021) (finding standing where plaintiff alleged that the debt collector's threatened foreclosure resulted in "fear of losing the property, worry about where . . . loved ones will live, [and] anxiety about being kicked out and becoming homeless").

## II.     FDCPA ¶¶ 1692(e), 1692(e)(2), 1692(e)(10)

Section 1692(e) of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," section 1692(e)(10) bars "[t]he use of any false representation . . . to collect or attempt to collect any debt," and Section 1692(e)(2) prohibits the false representation of "the character, amount, or legal status" of a debt. 15 U.S.C. §§ 1692(e), 1692(e)(2), 1692(e)(10).  "To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA." *See Felberbaum v. Sequium Asset Sols.*, No. 21-cv-9513 (NSR), 2023 U.S. Dist. LEXIS 5619, at *6 (S.D.N.Y. Jan. 11, 2023) (citing *Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 U.S. Dist. LEXIS 43443, 2017 WL 1134723, at *3 (E.D.N.Y. Mar. 24, 2017)).  In addition, there is also a materiality requirement which considers "whether the false statement would frustrate a consumer's ability to intelligently choose his or her response." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 86 (2d Cir. 2018) (finding allegations of "mere technical falsehoods" insufficient as a matter of

law to make out FDCPA claims). Because the FDCPA imposes strict liability on debt collectors, a consumer plaintiff need not prove intentionality on the part of the defendant debt collector. *See Lee v. Kucker & Bruh, LLP*, 958 F. Supp. 2d 524, 528 (S.D.N.Y. 2013); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).

Finally, under the law of this Circuit, reviewing courts are to employ the "least sophisticated consumer" test when assessing debt collection letters. *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) (citation omitted). When donning the persona of the "least sophisticated consumer" courts are to "possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Capital Mgmt. Servs. LP*, 918 F.3d 236, 239 (2d Cir. 2019). A debt collector violates the FDCPA under this test "if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

## DISCUSSION

Plaintiff has failed to demonstrate they have standing to pursue their claims in federal court. Plaintiff's allegations of "emotional harm in the form of stress and anxiety, with physical harm manifesting in the form of lost sleep" are insufficient to establish standing. FAC ¶ 55; *see also Nojovits v. Ceteris Portfolio Servs., LLC*, No. 22-CV-2833 (PKC) (CLP), 2022 U.S. Dist. LEXIS 101515, at *5 (E.D.N.Y. June 7, 2022) ("Plaintiff's allegation of emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, are insufficient to establish standing.") (internal quotation marks omitted). Here, as was the case in *Maddox*, Plaintiff's "perfunctory allegation of emotional distress, especially one wholly

incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." 19 F.4th at 66.

Similarly, Plaintiff's allegations of reputational harm are insufficient. The *TransUnion* Court, which analyzed standing in the Fair Credit Reporting Act ("FCRA) context, "an analogous statute," *Sputz v. Alltran Fin., LP*, No. 21-CV-4663, 2021 U.S. Dist. LEXIS 233292, 2021 WL 5772033, at *6 (S.D.N.Y. Dec. 5, 2021), held that plaintiffs sufficiently plead injury-in-fact where their damaging credit report had actually been disseminated to third parties. 141 S. Ct. at 2208-2209. Plaintiff does not state anywhere in any submission to this Court that the "credit report was disseminated to third parties." *Grauman*, 549 F. Supp. at 292. Plaintiff's allegations are therefore insufficient to establish "concrete[] harm." *Id.*; *see also Braver v. Diversified Adjustment Serv., Inc.*, No. 7:22 CV 9390 (NSR), 2023 U.S. Dist. LEXIS 216461, at *10 (S.D.N.Y. Dec. 5, 2023) (acknowledging that "dissemination of a negative financial report may constitute a cognizable harm," but finding that such harm is not established where a "[p]laintiff fails to identify *how* or to *whom* [d]efendant allegedly disseminated his negative credit report").

Plaintiff's final claim of risk of future harm is also unavailing. On this, Plaintiff alleges that a "sufficient risk of being harmed by future conversion and defamation (as threatened in the Letter)" caused him to "spen[d] time, money and effort mitigating the risk." ECF No. 17 (Defs Mem. Opp.") at 15. Expenditure of time, money and effort in hopes of mitigating risks are cognizable harms only where such expenditure "'inextricably bound up in a cognizable injury,' such as where a plaintiff faces a sufficient risk of harm[,] and then spends time, money, and effort mitigating that risk." *Wolkenfeld v. Portfolio Recovery Assocs., LLC*, No. 22-CV-1156 (PKC) (CLP), 2022 U.S. Dist. LEXIS 69332, at *6 (E.D.N.Y. Apr. 14, 2022) (citing *Pollak v.*

*Portfolio Recovery Assocs., LLC*, No. 21-CV-6738 (PKC) (RML), 2022 U.S. Dist. LEXIS 32790 (E.D.N.Y. Feb. 24, 2022)). "Time and money spent due to concern and confusion are not concrete harms." 2023 U.S. Dist. LEXIS 216461 at *10 (citing *Wolkenfeld*, 2022 U.S. Dist. LEXIS 69332, at *6).

Therefore, Plaintiff has failed to plead sufficient allegations establishing concrete, particularized injury. Accordingly, this Court finds that Plaintiff lacks Article III standing to bring this action.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims for alleged violations of the FDCPA is **GRANTED** without prejudice. Plaintiff is granted leave to file an Amended Complaint on or before April 2, 2024, consistent with this order.

**SO ORDERED.**

Dated:  **March 12, 2024**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**